ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| ROSE DESIO,<br><br>                Plaintiff,<br><br>          vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES I-V and ROES VI-X, inclusive<br><br>                Defendants. | CASE NO. 2:22-cv-0062-APG-BNW<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

COMES NOW DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant" or "State Farm"), by and through its attorneys of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and moves the Court for an order dismissing Plaintiff's Complaint (ECF 1-1) with prejudice. The facts and legal issues alleged and set forth in Plaintiff's Complaint are already pending before the Court in *Rose Desio v. State Farm Mutual Automobile Insurance Company*, 2:20-cv-1486-APG-NJK, which precludes as a matter of law Plaintiff's efforts to obtain a second chance to seek a higher underinsured motorist ("UM") limit under any of Plaintiff's four State Farm car policies for injuries she sustained as a result of a car accident on August 23, 2019.

State Farm makes and bases its motion on the pleadings and papers on file herein and in *Rose Desio v. State Farm Mutual Automobile Insurance Company*, 2:20-cv-1486-APG-NJK, and

4861-1161-7546.2

the memorandum of points and authorities below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### Introduction

The substance of Plaintiff's Complaint is already before this Court in in *Rose Desio v. State Farm Mutual Automobile Insurance Company*, Case No. 2:20-cv-1486-APG-NJK. *See* ECF 49 and the related motion papers, including State Farm's Response in Opposition (ECF No. 56), and Plaintiff's Reply in the original lawsuit (ECF No. 63). As such, State Farm brings the instant motion to dismiss this complaint with prejudice.  One bad ruling on a procedural issue does not equate to grounds to sue in a different forum regarding the same substantive issues pending before this Court.  Simply, the interpretation and analysis of State Farm's enforcement of the terms and conditions of Plaintiff's four car policies is underway in this Court and has been since September 2020.  Discovery is over and dispositive motions are pending in the original action.  Yet Plaintiff seeks a do-over in filing this second lawsuit.

Whether by application of the "first to file" doctrine or the axiomatic, fundamental principle that a party must bring all its claims at once instead of serially litigating bits and pieces that all arise from the same car accident and same car policies, as a matter law, this duplicative, unnecessary, and disrespectful lawsuit merits dismissal with prejudice.  State Farm shows the Court why this is so below.

### II.

### Statement of Facts

The allegations in Plaintiff's Complaint (ECF No. 1-1) provide the following facts:

1. Plaintiff was in a car accident on August 23, 2019. ECF No. 1-1 at 2:27-28.
2. Plaintiff sustained injury in said car accident. Id. at 3:1-6.
3. Plaintiff was insured under four State Farm car policies. Id. at 3:17-21.
4. Each car policy provided UM coverage of "at least" $50,000. Id. at 3:23-24.  See also id. at 4:5-25.
5. During litigation from January 24, 2021 to March 18, 2021, Plaintiff made repeated

        demands for copies of executed UM selection/rejection forms for two of the car policies (the Chevy Policy and the Honda Policy). Id. at 3:26 – 4:2.

6. State Farm provided the requested forms for the Chevy Policy and Honda Policy, which were signed by Plaintiff after the date the of the subject accident. Id. at 4:26 – 5:3.

7. Despite myriad requests for payment of an additional $50,000 in underinsured motorist ("UM") benefits as compensation for personal injury she sustained as a result of a car accident on August 23, 2019, State Farm did not pay Plaintiff an additional enforced the terms and conditions of the subject car policies. Id. at 5:21-26.

8. Litigation is underway in federal court as to "State Farm . . . unlawfully refusing to stack UIM coverage." Id. at 5:26 – 6:2.

9. Plaintiff's "personal injury claim is worth $1,000,000" but the tortfeasor in the August 23, 2019 accident did not carry sufficient coverage. Id. at 6:15-18.

10. Plaintiff brings a breach of contract cause of action "to recover UIM coverage in the amount of $100,000/$300,000 for the August 23, 2019 loss." Id. at 6:19-21.

11. Plaintiff also brings a cause of action for breach of the implied covenant of good faith and fair dealing for State Farm's "breach" of its duties to Plaintiff as described in the Complaint. Id. at 7:1-18.

12. Plaintiff also brings a cause of action for unfair claims practices, including eight subsections of NRS 686A.310(1). Id. at 7:21 - 8:25.

13. Plaintiff also brings a cause of action for declaratory relief that "State Farm failed to honor its obligations under the subject insurance policies by, among other things, unreasonably refusing to afford Ms. Desio UIM coverage in the amount of $100,00/$300,000 for the August 23, 2019 loss; and that State Farm is liable for all damages inflicted by its wrongful conduct." Id. at 9:1-14.

14. Plaintiff seeks punitive damages. Id. at 9:19.

The following facts are drawn from the procedural history of the original lawsuit and the papers and pleadings on file therein, of which this Court may take judicial notice:



4861-1161-7546.2       3

15. Plaintiff moved for summary judgment on the alleged un-enforceability of State Farm's anti-stacking provisions. ECF No. 46.

16. Plaintiff's original complaint brought forth the same causes of action (breach of contract, breach of the implied covenant of good faith and fair dealing, unfair claims practices, and declaratory relief. Id.

17. The factual allegations Plaintiff relied on focused exclusively on the 'double premiums' prong of NRS 687B.145 regarding anti-stacking provisions. Id.

18. That matter has been fully briefed since March 16, 2021 upon State Farm's filing of its Reply in Support of its Counter-Motion for Summary Judgment. ECF No. 48.

19. On April 27, 2021, Plaintiff moved for summary judgment as to entitlement to an additional $50,000 in UM benefits. ECF No. 49.

20. The basis of this argument was the date of execution of the UM selection/rejection forms for the Chevy Policy and Honda Policy post-dating the date of the subject accident. As such, Plaintiff argued those forms were void and the higher bodily injury liability limit was the actual UM limit under the Chevy Policy and Honda Policy. Further, Plaintiff argued that she was entitled to the highest UM limit among her four car policies based on NRS 687B.145. *See* ECF No. 49.

21. State Farm responded in opposition. ECF No. 56. Specifically, State Farm argued that the motion was procedurally not well-taken, but also that Plaintiff's argument misconstrued the known facts (that Plaintiff had been repeatedly offered the opportunity to select AND PAY FOR higher UM premiums up to her BI limits on her Chevy Policy and Honda Policy. State Farm also argued that Plaintiff's motion misconstrued Nevada law as to the legal significance of the date of execution of the UM selection/rejection forms and misconstrued the terms the terms and conditions of her car policy.

22. Plaintiff filed his Reply on July 12, 2021 (ECF No. 63), at which time this matter was fully briefed.

23. Plaintiff additionally moved for leave to amend/supplement her complaint to include

allegations specific to the disputed UM limit. ECF No. 62, filed on July 12, 2021.

24. State Farm responded in opposition (ECF No. 64).

25. The Court denied Plaintiff's motion for leave to amend complaint without prejudice and requested additional briefing to address the issue of whether good cause must be shown to supplement a complaint after expiration of the deadline to amend a complaint. ECF No. 65.

26. Plaintiff filed her Motion for Leave to Supplement Complaint, which contained a proposed supplemented Complaint. ECF No. 66, filed on July 28, 2021.

27. The proposed supplemented complaint added in the allegations found in Plaintiff's complaint in this second lawsuit regarding the UM limit dispute. ECF No. 66-3.

28. State Farm responded in opposition. ECF No. 72. In its Response, State Farm included a letter received from Plaintiff's counsel prior to the onset of litigation in which Plaintiff's counsel addressed the UM limit issue. ECF No. 72-1.

29. Plaintiff filed her Reply. ECF No. 75.

30. The Court heard argument on Plaintiff's Motion for Leave to Supplement Complaint on October 25, 2021 and subsequently denied said motion.

31. Plaintiff did not move for reconsideration or file any objection following the Court's order.

32. Plaintiff filed the instant lawsuit in state court despite full knowledge that these issues are currently pending before this Court. ECF No. 1-1.

## III.

## Legal Argument

### A. Legal Standard for Dismissal under FRCP 12(b)(6)

Under Rule 12(b)(6), dismissal of a claim is proper if a plaintiff fails to state a claim upon which relief may be granted. FRCP 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the

plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 570).

The *Iqbal* evaluation uses a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Wilson Logistics Nev., Inc. v. Lincoln Gen. Ins. Co.*, 2011 U.S. Dist. LEXIS 124128, *4-5 (D. Nev. Oct. 26, 2011) (citing *Iqbal*, 556 U.S. at 662). Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. Only if the allegations state plausible claims for relief do the claims survive the motion to dismiss. *Id*.

In reviewing a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Wilson Logistics*, 2011 U.S. Dist. LEXIS 124128, *4-5 (D. Nev. Oct. 26, 2011) (citing *Iqbal*, 556 U.S. at 662). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is *liable* for the misconduct alleged." *Id*. (emphasis added). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 664. Thus, the factual allegations must point to actionable misconduct for which plaintiff is entitled to relief. The pleadings must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Judicial notice may be taken of facts not reasonably in dispute. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

A dismissal under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm.*, 750 F.2d 578 (9th Cir. 1983). Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984); *see also*


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**B.  Dismissal of Plaintiff's Complaint is Warranted as a Matter of Law.**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the facts alleged in Plaintiff's Complaint in the Second Lawsuit, even if true, are already under consideration in a separate federal action.

1.  The "First to File" Doctrine Mandates Dismissal of this Action.

Nevada has long recognized that it is contrary to fundamental judicial procedure to permit two actions to remain pending between the same parties upon the identical cause. *Fitzharris v. Phillips,* 74 Nev. 371, 376, 333 P.2d 721, 724 (1958) (noting that prior to adoption of the Nevada Rules of Civil Procedure such situation was a special ground of demurrer). The federal courts similarly recognize this truism in the "First to File" doctrine.

When duplicate actions exist, Nevada courts will follow the "first to file" rule to determine which action should proceed. *See Fitzharris*, 74 Nev. at 376-77, 333 P.2d at 724 (1958) (providing that when identical causes of action are pending, involving the same parties, a trial court may properly dismiss the second action), *abrogated on other grounds by Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *see also SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) (explaining that the first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit"); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (providing that the two actions need not be identical, only substantially similar, for the first-to-file rule to apply). "Under the first-to-file rule, 'when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy.'" *Khutob v. L.A. Ins. Agency Franchising, LLC*, No. 2:18-cv-01505-APG-PAL, 2018 U.S. Dist. LEXIS 152569, at *2 (D. Nev. Sep. 7, 2018) (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

Federal courts apply the first to file rule, and in doing so consider three factors: (1) the



chronology of the two suits; (2) the similarity of the parties; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Kohn Law*, 787 F.3d at 1240. The policy rationales behind the first-to-file rule—economy, consistency, and comity—are "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 939 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)." In *Pacesetter Sys., Inc. v. Medtronic, Inc.,* the Ninth Circuit explained the rationale for the first-to-file rule: "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (where a suit was brought first in the Southern District of Florida by the plaintiff and second by a defendant in the Central District of California, the C.D. Cal. court declined to exercise jurisdiction in patent litigation).

Here, the chronology of the suits favors dismissal of the second suit because it was filed over 18 months after the original suit was file (and which remains pending by way of Plaintiff's two dispositive motions and State Farm's Counter-Motion). Similarly, the parties are identical: Plaintiff Rose Desio brings both suits, and State Farm defends itself in both; no other named defendants exist in either suit. Finally, the issues are not only similar, but rather, they are the same: (1) what is the legal significance of the fact that the UM selection/rejection forms for the Chevy and Honda Policies (vehicles not involved in the subject loss) were signed five days after the subject loss; (2) did State Farm breach the same car policies by taking the position that its contract provisions are enforceable in Nevada, and does said breach constitute insurance bad faith?

Simply stated, Plaintiff "out of an abundance of caution" moved the Court for leave to amend/supplement her complaint to add in additional allegations regarding the disputed $50,000. In a meaty order following oral argument, the Court denied leave to supplement Plaintiff's

Complaint. This was so because Plaintiff did not show good cause for same. By way of a letter from the UM claim file, State Farm showed the Court that Plaintiff's counsel brought up the UM limit issue *pre-litigation* with State Farm in February 2020, and yet despite this, Plaintiff:

- Did not include allegations in her original complaint as to whether the correct UM limit was $50,000 or $100,000;
- Did not conduct any affirmative discovery but instead opted to file a motion for summary judgment and argued that State Farm's anti-stacking provisions were void under Nevada law because Plaintiff had paid 'double premiums' under her four car policies; and,
- Did not articulate the coverage dispute during a hearing in February 2021 regarding the parties' attempt to seek an extension of the discovery deadlines.

*See* ECF 79 at pp. 14-16. The Court did not give Plaintiff the leave to supplement her complaint and conduct any additional discovery because Plaintiff had failed to show good cause as to why Plaintiff waited so long before address the UM limits issue in the original action. Id. Denied leave, Plaintiff sought help elsewhere (state court). ECF No. 1-1. But State Farm should not be put in a position of wondering which forum will issue dispositive rulings first and having to re-make its defense as to the same allegations. Aside from the First to File rule, Plaintiff was obligated to address the UM limits dispute in her original complaint. She ***chose*** not to do so. Nevada has a long-standing "policy" that "all forms of injury or damage sustained by the plaintiff as a consequence of the defendant's wrongful act be recovered in one action rather than multiple actions." *Smith v. Hutchings*, 93 Nev. 431 (1977) (whether resolution of property damage could proceed as a separate action from suit determining resolution of personal injury damage, both arising from same car accident). That is, Plaintiff doesn't get to run to the state court when she doesn't get a favorable ruling in federal court.

## IV.

## Conclusion

In its broad discretion, dismissal of this second action under the First to File rule is proper. Defendant respectfully requests this Court dismiss this duplicate second lawsuit because dismissal

1. gives "regard to conservation of judicial resources and comprehensive disposition of litigation."
2. *See Pacesetter Sys.*, 678 F.2d at 95 (citing *Kerotest Manufacturing Co. v. C-O-TWO Fire*
3. *Equipment Co.*, 342 U.S. 180, 183-184, 72 S. Ct. 2019, 221, 96 ? Ed/ 200 (1952).

DATED this 19th day of January 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By     */s/ Cheryl A. Grames*
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

4861-1161-7546.2

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of January, 2022, I electronically filed the foregoing **Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court through Case Management/Electronic Filing System.

Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
isbaih@sbaihlaw.com
iolevic@sbaihlaw.com

*Attorneys for Plaintiff*

By  */s/ Cheryl A. Grames*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP