ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

\*\*\*

| | |
|---|---|
| ROSE DESIO,<br><br>         Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES I-V and ROES VI-X, inclusive<br><br>         Defendants. | CASE NO. 2:22-cv-0062-APG-BNW<br><br>**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO CONSOLIDATE** |

COMES NOW Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant" or "State Farm"), by and through its counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, and moves for consolidation of the instant action, *Rose Desio v. State Farm Mutual Automobile Insurance,* Case No. 2:22-cv-00062-APG-BNW, with another pending action in this Court, *Rose Desio v. State Farm Mutual Automobile Insurance*, Case No. 2:20-cv-1489-APG-NJK, which is brought on the same facts and circumstances as the instant action. This motion is made pursuant to FRCP 42(a), in the interests of judicial efficiency and to avoid unnecessary costs or delay.

Defendant makes and bases its motion on the papers and pleadings on file in both cases, and the memorandum of points and authorities below.

/ / /

4889-1806-0554.1

## MEMORANDUM OF POINTS AND AUTHORITIES

A.  **Statement of Pertinent Facts**

    1.    **The First Lawsuit**

On August 23, 2019, Plaintiff was involved in a car accident. At the time of the accident, she and her husband had four vehicles insured on four separate policies with State Farm. At the time of the accident, Plaintiff was in her Jeep.[1] The Jeep Policy provided $50,000 per person uninsured/underinsured ("UM") coverage. At the conclusion of her UM claim at which time State Farm tendered the policy limit of the Jeep Policy to Plaintiff, her counsel demanded the UM limit for the three other State Farm policies. State Farm refused, and explained it was enforcing its anti-stacking provision. During this demand, Plaintiff's counsel identified his concern that two of Plaintiff's other policies may not have valid UM selection/rejection forms, and thus the contract benefits available under those policies would instead be $100,000 instead of $50,000 because the bodily injury liability coverage for those two policies was $100,00 per person.[2] Plaintiff then filed the First Lawsuit. *See* ECF No. 1-1. Plaintiff's Complaint focused on the "double premium" requirement of NRS 687B.145, which permits anti-stacking provisions only if they are clear, prominently stated, and an insured had not paid an un-discounted premium for the respective UM coverage. **Id**. During the course of litigation, Plaintiff moved for summary judgment on this issue. ECF No. 19. State Farm responded in opposition (ECF No. 30), but also filed a counter-motion for summary judgment. ECF No. 32.

While these dispositive motions were pending, Plaintiff filed another motion for summary judgment. ECF No. 49. This second dispositive motion focused on the selection/rejection forms for the Chevy Policy and Honda Policy. *See* ECF No. 49. The UM selection/rejection form for

---

[1] The preceding and subsequent facts stated in this paragraph are drawn from ECF No. 1-1 (Plaintiff's complaint) in Case No. 2:20-cv-1486.

[2] *See* ECF No. 79 in Case No. 2:20-cv-1486, Order Denying Plaintiff's Motion for Leave to Supplement Complaint. Specifically, the Court found the existence of this letter conclusively showed that Plaintiff had known prior to filing the original complaint that Plaintiff may be contesting the actual limit of benefits beyond mere stacking of same. *See* ECF No. 79 at 2:19 – 3:11.



those policies was executed on May 28, 2019. This post-dates the subject loss. Because of this, Plaintiff demanded State Farm pay an additional $50,000 in UM benefits. Plaintiff argued that because the form is not valid as to the Chevy Policy and Honda Policy, the bodily injury liability coverage ($100,000) provided by those policies was the UM coverage as well, and not $50,000. *See id*. State Farm responded and argued Plaintiff's second motion had procedural defects, but also argued against the merits of Plaintiff's position. *See* ECF No. 56.

*Both of Plaintiff's disposition motions are pending*. The only motion decided was Plaintiff's unsuccessful seeking of leave to file a supplemental complaint to state factual allegations specific to the issue of the validity of the UM selection/rejection form and whether $100,000 in unstacked-coverage is available based on a policy not insuring the vehicle involved in the subject car accident. ECF No. 66. *See also* ECF No. 79. The Court heard arguments on October 25, 2021 and issued its order on November 16, 2021 (ECF No. 79). In its Order, the Court expressly noted it was not making a ruling on the merits of the legal issues raised in the proposed amended complaint, but rather, on the basis that State Farm adduced evidence (a February 2020 letter from Plaintiff's counsel to State Farm, sent prior to the filing of the first Desio Lawsuit) which incontrovertibly showed that Plaintiff stated she would seek the higher limits of $100,000 unless State Farm (pre-litigation) provided copies of valid UM selection/rejection forms for the Chevy Policy and Honda Policy. (ECF No. 79 at 15:6-16). Further, the Court noted that Plaintiff had failed to conduct any discovery as to the UM selection/rejection forms prior to filing its first motion for summary judgment . . . and afterward, *failing even to discuss it openly at the Court's hearing on whether the grant the parties' request to extend discovery deadlines in February 2021*. (Id. at 4:7-17). Finally, the Court noted that in Plaintiff's second dispositive motion, Plaintiff argued that the only reason why she was concurrently filing a move for leave to amend her complaint was "out of an abundance of caution," but that the subject dispute was properly before the Court. (Id. at 3:23-25). Shortly after Magistrate Judge Koppe denied leave to supplement in ECF No. 79, Plaintiff again demanded an additional $50,000 in UM benefits and advised she would file suit in state court regarding the very facts and circumstances pending in Plaintiff's second dispositive motion in this case.

### 2. The Second Lawsuit

State Farm did not agree to Plaintiff's demand, and Plaintiff proceeded to filed an action in Clark County District Court against State Farm. The same plaintiff, defendant, car accident, car policies, and legal arguments are at issue in the Second Lawsuit. Plaintiff sues again for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of NRS 686A.310 *et seq.*, and declaratory relief. All of these causes of action arise out of the same August 23, 2019 accident, State Farm's handling of Plaintiff's UM claim arising from that accident, and the four State Farm policies. Compare ECF No. 1-1 in Case No. 2:20-cv-1486 with ECF No. 1-1 in Case No. 2:22-cv-82. More pointedly, the Second Lawsuit sets forth the same facts as Plaintiff's second dispositive motion, makes the same arguments as those in Plaintiffs' second dispositive motion, and seeks the same relief as Plaintiff's second dispositive motion. *See* ECF Nos. 49, 66, and 79.

These cases arise out of the exact same facts – the subject auto accident – and involve the same principal question: whether Plaintiff is owed any additional contract benefits under her four State Farm car policies. Accordingly, the cases should be consolidated.

### B. **LEGAL ARGUMENT**

FRCP 42(a) provides the Court discretionary authority to consolidate two (or more) actions "if actions before a court involve a common question of law or fact." The Court should exercise that discretion here. The single essential requirement is *questions of law or fact* common to the cases that are to be consolidated. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). Under LR 42-1(b), a party may move for consolidation of two or more cases when "it reasonably appears the actions involve common questions of law or fact and consolidation would aid in the efficient and economic disposition of an action." In determining whether to consolidate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Pattison v. Sandoval*, No. 3:20-cv-00287-MMD-WGC, 2021 U.S. Dist. LEXIS 176452, at *3-4 (D. Nev. Aug. 26, 2021) (citing *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in

judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.") (citation omitted)). "'Identicality' of all facts and legal issues" is not required. *Liberty Mut. Ins. Grp. v. Panelized Structures*, No. 2:10-cv-01951-MMD-PAL, 2012 U.S. Dist. LEXIS 204844, at *7 (D. Nev. June 22, 2012) (citing *Sinclair v. Donovan*, 2011 U.S. Dist. LEXIS 51599 (S.D. Ohio May 13, 2011)). The moving party bears the burden of showing consolidation is appropriate. *Pattison*, 2021 U.S. Dist. LEXIS 176452, at *3.

### 1. The Two Cases Involve the Same Questions of Fact and Law

In both cases, the central issue is whether additional contract benefits are owed under Plaintiff's four State Farm car policies arising out of a car accident on August 23, 2019.

In the First Lawsuit, Plaintiff's Complaint focused exclusively on the existence of the August 23, 2019 accident, Plaintiff having sustained personal injury therefrom, Plaintiff being a named insured on four State Farm car policies, State Farm's enforcement of its anti-stacking provisions in the car policy in the accident involved in the August 23, 2019 accident despite Plaintiff's alleged payment of 'double premiums,' and State Farm's "bad faith" for having enforced the anti-stacking provisions. *See* ECF No. 1-1 in 2:20-cv-1486-APG-NJK. Plaintiff conducted no discovery beyond serving her initial disclosures. *See* ECF No. 79 at 15:17 in 2:20-cv-1486-APG-NJK. However, the handling of Plaintiff's UM claim has since before the filing of the lawsuit included Plaintiff's insistence that she is owed $100,000 in UM benefits, not $50,000 because of a potential issue with the UM selection/rejection forms for two of Plaintiff's car policies. *See* id. at 14:5-19. Moreover, the very dispute as to whether a higher limit of $100,000 in coverage is available that Plaintiff sets forth in the Second Lawsuit is pending in Plaintiff's second dispositive motion (ECF No. 49). *Compare* ECF No. 49 in 2:20-cv-1486-APG-NJK with ECF No. 1-1 in 2:22-cv-0062-APG-BNW.

### 2. Judicial Efficiency and Fairness are Served by Consolidation.

Plaintiff already had a whole lawsuit during which she could have conducted discovery into the UM selection/rejection forms but she chose not to do so. Plaintiff already had a whole lawsuit during which she could have initially pleaded allegations related to the higher limit coverage dispute set forth in the second dispositive motion, set forth in Plaintiff's proposed

amended/supplemented complaint, and now in the Complaint in the Second Lawsuit, but she chose not to do so.  When given a chance to articulate the issue to Magistrate Judge Koppe during the February 2021 hearing about extending the discovery deadlines, Plaintiff did not give voice to the issue.  Instead, Plaintiff moved for summary judgment on the issue.  Consolidation will thus streamline the adjudication of the operative facts in both cases *as they are already before the Court*.  Plaintiff's chosen route of filing a state court complaint in lieu of objecting to the magistrate judge's order flies in the face of judicial economy as it sets up the very real possibility of two different courts adjudicating the same facts and law as to these car policies and Plaintiff's entitlement, if any, to additional benefits.  For example, the Court in *Liberty Mut. Ins. Group v. Panelized Structures, Inc.*, 2:10-cv-1951-MMD-PAL, 2012 U.S. Dist. LEXIS 204844, (D. Nev. Jun. 22, 2012), ordered consolidation of two lawsuits arising out of a worker's compensation claim. Notably, the Court reasoned that "Where, as here, the legal claims require analyzing the same set of contracts in the context of the same sets of events, judicial resources are more efficiently deployed by considering all relevant legal claims at once." Such is the case here.  The same four car policies, the same car accident, and how State Farm handled the UM claim are identical in both actions.  Consolidation therefore promotes the interests of judicial efficiency to consolidate the actions under FRCP 42(a).

**C.     Conclusion**

      Defendant respectfully requests the Court consolidate these cases.

      DATED this 19th day of January 2022.

                                            LEWIS BRISBOIS BISGAARD & SMITH LLP

                                            By        */s/ Cheryl A. Grames*
                                                 ROBERT W. FREEMAN
                                                 Nevada Bar No. 3062
                                                 CHERYL A. GRAMES
                                                 Nevada Bar No. 12752
                                                 6385 S. Rainbow Boulevard, Suite 600
                                                 Las Vegas, Nevada 89118
                                                 *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the  day of January, 2022, I electronically filed the foregoing **Defendant State Farm Mutual Automobile Insurance Company's Motion to Consolidate** with the Clerk of the Court through Case Management/Electronic Filing System.

Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
JESSE SBAIH & ASSOCIATES, LTD.
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
isbaih@sbaihlaw.com
iolevic@sbaihlaw.com

*Attorneys for Plaintiff*

By  */s/ Cheryl A. Grames*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP

4889-1806-0554.1

7